IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MIKE DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-00021 |
| ) | |
| BELK, INC. ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

1. This Protective Order (the "Order") governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively, "Material") produced, obtained or filed during the course of discovery in this action, including, without limitation, Material produced by third parties to this action.

2. The term "Designating Party" as used herein shall mean the person who produces the Material.

3. The Designating Party shall have the right to designate any Material as "Confidential" if the Designating Party believes in good faith that such Material contains confidential, proprietary, business, personnel, commercial or financial information that is otherwise not publicly available and either involves confidential financial information or information the dissemination of which could cause harm to the business operations of the Designating Party, third party personnel or employee information, or information of an intimate, personal nature that requires the protections provided for in this Order. Such documents, transcripts or other materials are referred to herein as "Confidential Materials."

4. The Designating Party shall also have the right to designate any Material as "Highly Confidential" if the Designating Party believes in good faith that such Material contains trade secrets or highly confidential, proprietary, business, commercial or financial information that is otherwise not publicly available and involves (a) highly confidential information; or (b) information the dissemination of which could be especially detrimental or harmful to the business operations of the Designating Party provided for in this Order. Provided, however, that nothing in this Order will serve as a waiver by any party to objecting to the production of documents on the basis of trade secrets where the objecting party in good faith believes that either (i) the protections in this Order are inadequate or (ii) it would be a contractual violation to produce such information. Such documents, transcripts or other materials are referred to herein as "Highly Confidential."

5. The restrictions and obligations set forth herein relating to Confidential or Highly Confidential Material shall not apply to any information that: (a) is already public knowledge or otherwise in the public domain; (b) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees or agents in violation of this Order; or (c) has come or shall come into a receiving party's legitimate possession independently of the Designating Party.

6. Confidential or Highly Confidential Material shall be designated as follows:

    a. In the case of documents, designation shall be made by placing the legend "Confidential" or "Highly Confidential" on each page of such documents prior to production.

    b. In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential or

Highly Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10) business days after receipt of the transcript of the deposition. Pending the expiration of such ten-day period, transcripts shall be treated as Confidential Material in their entirety. If a "Confidential" or "Highly Confidential" designation is made, the court reporter shall be directed to place the appropriate legend on the cover of the transcript and on all portions of the transcript designated as "Confidential" or "Highly Confidential" (the parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court).

7. All pleadings, motions or other papers that a party desires to file with the Court under seal shall comply with Local Civil Rule 6.1 and Paragraph 11 of the Court's Administrative Procedures Governing Filing and Service by Electronic Means.

8. If any party objects to the designation of any Material as "Confidential" or "Highly Confidential," such party shall state all objections in a letter to counsel for the Designating Party. Such letter shall be delivered to the Designating Party prior to the final pretrial conference conducted under Rule 26 and, in any event, the Parties shall comply with the provisions of paragraph 10 below. Within seven (7) days of the Designating Party's receipt of such letter, the parties shall attempt in good faith to resolve all objections by agreement. If any objection cannot be resolved by agreement, the receiving party shall promptly submit the dispute to the Court for resolution. In the event of submission to the Court for resolution, the Designating Party shall have the burden of establishing the Material's "confidentiality." Until an objection

has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Confidential or Highly Confidential Material and subject to this Order.

9. Confidential Material shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for in paragraph 10.

10. In the absence of prior written permission from the Designating Party or an order by the Court, Confidential Material shall not be disclosed to any person other than:

    a. Attorneys of record for the parties in this litigation, in-house counsel for those parties which are legal entities, insurance adjusters assigned to this case by an insurance company that may be obligated in whole or in part to pay for the defense, settlement and/or judgment in this case, and employees or independent contractors (i.e. contract lawyers, document imaging and electronic discovery companies, computer forensic companies, litigation support companies, and others) of such attorneys of record and/or in-house counsel to whom it is necessary that the Confidential Material be shown for purposes of this litigation;

    b. Any expert or consultant retained by a party for the purpose of assisting counsel in this action, provided that each such expert or consultant executes an acknowledgement in the form annexed hereto as Exhibit A ("Acknowledgement A") and agrees to be bound by this Order;

    c. Each party to this case or, where the party is a legal entity, such party's representatives;

    d. The Court (and any appellate Court), including the Judge, the Judge's law clerks, staff and courtroom deputies; official court stenographers who

record and/or transcribe proceedings in this litigation, including hearings and trial; translators and interpreters employed during hearings or trial, and the jury;

  e. Any deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition;

  f. Any witness if such information is reasonably likely to be relevant to that witness's knowledge or subject matter of testimony, but the witness shall not be able to retain any Confidential Material;

  g. Any person designated by Court Order, after notice to all parties and the opportunity for a hearing, and only after such person executes a copy of Acknowledgement A and agrees to be bound by this Order;

  h. Any person designated as a mediator by Court Order or by agreement of the parties after such person executes a copy of Acknowledgement A and agrees to be bound by this Order; and

  i. Any person by written agreement of the Parties.

11. Documents designated as "Highly Confidential" shall be provided further protections as set forth in paragraph 12.

12. Highly Confidential Material, regardless of form, shall be maintained in the sole custody or control of outside counsel of record. Access to Highly Confidential Material shall be limited to:

  a. Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees or agents (i.e. contract lawyers, document imaging and electronic discovery companies, computer

forensic companies, litigation support companies, and others) and of-counsel(s) to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

      b.    Any deponent (solely for the purposes of his/her deposition or preparation for that deposition) as to whom no objection has been raised as set forth below if such information is reasonably likely to be relevant to the deposition; provided that written notice by (i) fax and electronic mail or (ii) by electronic mail (with acknowledgment of receipt) of the names of any proposed deponents to be shown Highly Confidential Material and specific identification of the Highly Confidential Material document(s) shall be provided to counsel for all parties at least ten (10) business days in advance of any proposed deposition in order to provide a designating party with the opportunity to object to the disclosure of Highly Confidential Material to said deponent; and provided further that any objection shall be made within three (3) business days of receiving such notice and the objecting party shall promptly seek a telephonic conference or file a motion with the Court to obtain a ruling on whether such Highly Confidential Material may be shown to the proposed deponent;

      c.    The Court (and any appellate Court), including the Judge, the Judge's law clerks, and courtroom deputies; official court stenographers who record and/or transcribe proceedings in this litigation, including hearings and trial; translators and interpreters employed during hearings or trial; and the jury;

d. Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Highly Confidential Material shall remain "Highly Confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record;

e. Any expert or consultant retained by a party for the purpose of assisting counsel in this action, provided that each such expert or consultant executes a copy of Acknowledgement B and agrees to be bound by this Order;

f. Any person designated as a mediator by Court Order or by agreement of the parties after such person executes a copy of Acknowledgement B and agrees to be bound by this Order; and

g. Any person by written agreement of the Parties.

13. If a Designating Party does not consent to the showing of the Highly Confidential Material to a witness, the receiving party may move this Court for an order permitting the witness access to the Highly Confidential Material.

14. Persons listed in paragraph 10 shall not be permitted to describe or discuss the substance or content of the Confidential Material with any person other than those listed in paragraph 10. Persons listed in paragraph 12 shall not be permitted to describe or discuss the substance or content of the Highly Confidential Material with any person other than those listed in paragraph 12.

15. No one may attend portions of a deposition, or review the transcripts of the portions of any court proceeding or deposition during which Confidential or Highly Confidential

Material is shown or discussed, other than those persons listed in paragraphs 10 and 12 of this Order, respectively, and counsel for a non-party deponent who shall first execute a copy of Acknowledgement A and/or Acknowledgement B, if such counsel is not also counsel for one of the parties.

16. Inadvertent failure to identify documents or things as "Confidential" or "Highly Confidential" pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Designating Party to appropriately legend the information in accordance with this Order.

17. Material designated as "Confidential" or "Highly Confidential" shall be used solely for the prosecution or defense of this action (including any appeals), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except for those persons designated in paragraphs 10 and 12, respectively. In the event that any person designated in paragraph 10 or 12 herein desires to disclose any Material designated as Confidential or Highly Confidential to anyone other than those persons designated in paragraph 10 or 12, or to use or disclose such Material in any other case or circumstance outside of this litigation, such disclosure shall be strictly prohibited unless the person desiring such disclosure first obtains written consent thereto from the Designating Party.

18. By entering this Protective Order and limiting the disclosure of Confidential and Highly Confidential Material in this case, the Court does not intend to preclude another court from finding that such Material may be relevant and subject to disclosure in another case, subject to the protections of this Order or the entry of a Protective Order by another court which has been agreed to by the Designating Party.

19. Excluding counsel of record, the Court, including the Judge, the Judge's law clerks, staff, and courtroom deputies; and official court stenographers who record and/or transcribe proceedings in this litigation, including hearings and trial; each person being given access to Confidential or Highly Confidential Material pursuant to paragraph 10 or 12 shall be advised that (i) the Confidential or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) the violation of the terms of this Order may constitute contempt of court.

20. In the event that any person or entity subpoenas or orders the disclosure of Confidential or Highly Confidential Material obtained subject to the Order, the person receiving such request shall give notice in writing to counsel for the Designating Party immediately and shall not produce the Confidential or Highly Confidential Material until the Designating Party has a reasonable time (at least 15 days) to object or take other appropriate steps to protect the Confidential or Highly Confidential Material. The Designating Party shall indemnify the party receiving the subpoena or court order from any damages and reasonable attorneys' fees incurred in resisting the subpoena or order on the grounds of this Order.

21. Within thirty (30) days following the close of this litigation, including any appeals, each party shall be required to use best efforts to retrieve all copies of Confidential or Highly Confidential Material from his/her/its own files, and from experts or other persons to whom such Material has been provided consistent with this Order, and to return to the opposing party all documents or other materials and copies thereof produced during discovery in this action, provided that in lieu of returning the same, counsel may certify that all such material and all copies thereof have been destroyed. All information protected by this Order that has been placed in any computer data bank shall be completely erased, and any documents listing or

summarizing information protected by this Order shall be destroyed within the same period. Counsel, however, may retain, subject to the terms and conditions of this Order, full copies of all papers filed or submitted to the Court. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Each party shall provide the Designating Party a letter within this period certifying that he, she or it has complied with this paragraph.

22. Nothing in this Order shall operate to require the production of any information or document that is privileged or otherwise protected from discovery.

23. This Order shall not preclude or impose special restrictions upon the right of any party to use Confidential or Highly Confidential Material, or the information contained therein, at trial or on appeal of this litigation; provided, however, that any party may apply to the Court for special treatment of such documents and/or information at trial or on appeal of this litigation.

24. The inadvertent or unintentional disclosure by any party of material or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Protected Material"), regardless of whether the information was designated as Confidential or Highly Confidential Material at the time of disclosure, shall in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure be treated as follows: If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester or destroy the specified information and any copies it has, and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the Court under seal for a determination of the

claim. If the receiving party disclosed the information before being timely notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

25. Any Party may, in good faith, redact nonresponsive, nonrelevant or Protected Material (collectively "Redacted Material") from any document or thing that is produced in accordance with the Federal Rules of Civil Procedure. If production of Redacted Material is ordered by the Court, the parties shall be entitled to legend the document or thing being produced as "Confidential" or "Highly Confidential" in accordance with this Order.

26. No disclosure of Material pursuant to this Order shall be deemed a waiver of any objection to the use or admissibility of such Material during the pendency of this litigation and/or at trial.

27. No disclosure of Material pursuant to this Order shall be deemed a waiver of any claim of confidentiality outside of this litigation.

28. Nothing in this Order is intended to diminish or defeat any right or power otherwise provided for at law or in equity; all persons subject to or affected by this Order shall retain all other legal and equitable rights and remedies, including but not limited to the right to seek enforcement in any court of competent jurisdiction arising out of unwarranted disclosure of information divulged or documents exchanged pursuant to this Order.

29. When counsel for any party or attorney who has executed a copy of this Order or a copy of Acknowledgement A or Acknowledgement B becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall promptly report, with appropriate particulars to assist in aiding any investigation, to counsel for the parties that there may have been a violation of this Order.

30. The parties to this Order, including each person executing Acknowledgement A and/or Acknowledgement B, acknowledge that a breach of any of the terms and conditions of this Order may result in irreparable damage to the producing party.

31. Plaintiff and Defendant may agree in writing to modify this Order.

32. Upon execution, this Order is a binding agreement upon the signatories hereto (and to any Acknowledgement form) and may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

33. The restrictions on the use of Confidential or Highly Confidential Material shall survive the conclusion of this litigation; the Court shall retain limited jurisdiction over this litigation for the purpose of enforcing this Order, of resolving any dispute concerning the use of information and Confidential or Highly Confidential Material disclosed pursuant to its terms, and to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate or as circumstances may change.

34. Any party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court, to modify the provisions of the Order.

Done and Ordered this 25th day of March, 2011.

_____
United States District Court Judge